IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 07 B 12687 |
| DAVID W. KEVETTER, | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | Judge: A. Benjamin Goldgar |

### NOTICE OF MOTION

To:    SEE ATTACHED SERVICE LIST

You are hereby notified that on May 13, 2011 at 9:30 a.m., or as soon after as I may be heard, I will appear before the Honorable Judge Benjamin A. Goldgar or any other Judge sitting in his place and stead at the Park City Branch Court, Courtroom B, 301 Greenleaf Avenue, Park City, Illinois 60085-5725, and I will then and there present the: **DEBTOR'S MOTION TO APPROVE OBJECTION TO US BANK, N.A'S NOTICE OF PAYMENT OF FINAL MORTGAGE CURE**

Respectfully Submitted
DAVID W. KEVETTER

By: /s/Paul M. Bach
Paul M. Bach, one of her attorneys
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564-0808
Attorney No. 06209530

### PROOF OF SERVICE

I, Paul M. Bach, certify that I served this Notice and attached Motion upon all parties by facsimile to 630 654-9946 (Codilis) and 630-577-1341 (Stearns) and via ECF electronic delivery to Glenn B Stearns, US Trustee & Codilis & Associates on May 9, 2011

/s/ Paul M. Bach
Paul M. Bach

SERVICE LIST

Glenn Stearns, Chapter 13 Trustee          BY FACSMILE TO 630-577-1341 and
4343 Commerce Court, Suite 120             ECF ELECTRONIC DELIVERY
Lisle, IL 60532

Codilis and Associates                     BY FACSMILE TO 630 654-9946 and
15W030 N Frontage Rd                       ECF ELECTRONIC DELIVERY
Burr Ridge, IL 60527

United States Trustee                      BY ECF ELECTRONIC DELIVERY
219 S. Dearborn Room 873
Chicago, Illinois 60604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) No. 07 B 12687
DAVID W. KEVETTER, )
)
) Chapter 13
Debtor. ) Judge: A. Benjamin Goldgar

## DEBTOR'S MOTION TO APPROVE OBJECTION TO US BANK, N.A'S NOTICE OF PAYMENT OF FINAL MORTGAGE CURE

NOW COMES the Debtor, DAVID W. KEVETTER, by and through his attorney BACH LAW OFFICES and pursuant to Section B2B of the confirmed Chapter 13 Plan confirmed on December 21, 2007 requests an order of this court disallowing the items stated in the Response of U.S. Bank, N.A. which was filed on April 14, 2011 and states as follows:

1. That this Chapter 13 bankruptcy case was filed on July 17, 2007.

2. This case was confirmed on December 21, 2007 with payments of $5,050.00 for sixty months. Unsecured non priority creditors were to be paid ten percent of allowed claims. The confirmed Chapter 13 Plan also provided for payment of the Debtor's current mortgage payment to US Bank, N.A. of $3,055.61 (which on information and belief included an escrow for taxes) through the Chapter 13 Plan as well as the arrearage of $22,950.84. A copy of the Debtor's confirmed Chapter 13 Plan filed on December 19, 2007 and confirmed on December 21, 2007 is attached as an exhibit. Additionally attached as an exhibit is a copy of the court's docket in this case.

3. That on September 14, 2007 U.S. Bank, N.A. filed Proof of Claim Eight (8) showing an arrears of $22,950.84. The Proof of Claim showed the current mortgage payment as $3,055.61. A copy of the Proof of Claim is attached as an exhibit.

4. That Paragraph B2 of the Confirmed Chapter 13 Plan provides as follows:

The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, including the right to reimbursement for costs of collection and other payment obligations of the debtor accruing after the filing of this bankruptcy case, shall be modified only to the following extent:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 4 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of the cure amount specified in Paragraph 4 of Section E, the standing trustee shall serve upon the holder, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected. No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E

5. That on February 14, 2011, the Chapter 13 Trustee issued a Notice of Payment of Final Mortgage Cure Amount under Paragraph B(2)(b) of Plan. A copy is attached as an exhibit.

6. That on April 14, 2011 U.S. Bank, N.A. filed its Response to Notice of Payment of Final Mortgage Cure a copy of which is attached.

7. That the Response filed by U.S. Bank, N.A. states that U.S. Bank, N.A. "has made post-petition advances of $675.00 in relation to the mortgage it services." No explanation is made of what this post-petition advance was for. The Debtor objects on this basis and may have additional objections once an explanation is provided by U.S. Bank, N.A.

8. The Debtor objects and challenges that any amount is due for the Debtor's mortgage loan.

WHEREFORE the Debtor, DAVID W. KEVETTER, hereby requests an order of this court finding that that no amounts are due under the confirmed Chapter 13 Plan to U.S. Bank, N.A. with the exception of monthly current mortgage payments of $3,055.00 which continue to accrue and for any further relief that this court deems just.

Respectfully Submitted,

By: /s/ Paul M. Bach
    Paul M. Bach, one of his attorneys

BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564-0808
Attorney No. 06209530